United States District Court
Southern District of Texas

**ENTERED**

July 08, 2026

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| YUSEY BETANCOURT-QUINTANA, | § | |
| "Petitioner," | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 1:26-cv-00171 |
| MARKWAYNE MULLIN[1], *et al., in their* | § | |
| *official capacities,* | § | |
| "Respondents." | § | |
| | § | |

## ORDER

Before the Court is Petitioner's "Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241" (Dkt. No. 1) ("Petition"), "Respondents' Motion to Dismiss, or in the alternative, Motion for Summary Judgment" (Dkt. No. 4) ("MTD & MSJ"), "Petitioner's Response to Federal Respondents' Answer to Habeas Petition" (Dkt. No. 5) ("Reply"), and "Petitioner's Motion for Ruling on Pending Habeas Petition" (Dkt. No. 6) ("Motion to Expedite"). For these reasons, the Petition (Dkt. No. 1) is hereby **GRANTED in part** and **DENIED in part.**

### I.    BACKGROUND

Petitioner, a native and citizen of Cuba, entered the United States on November 27, 2024. Dkt. No. 1 at 5. Petitioner is currently in removal proceedings awaiting a decision on her appeal to the Board of Immigration Appeals ("BIA"). *Id.* On October 11, 2025, U.S. Immigration and Customs Enforcement ("ICE") arrested and transferred Petitioner to the El Valle Detention Facility, where she remains detained. *Id.*

Petitioner challenges her detention under 8 U.S.C. § 1225(b)(2)(A) ("§ 1225(b)(2)(A)") on statutory and constitutional grounds. *See generally* Dkt. No. 1.

### II.    DISCUSSION

Petitioner is entitled to habeas relief on her constitutional claim, but not her statutory one.

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), former U.S. Secretary for the Department of Homeland Security, Kristi Noem, is substituted by Markwayne Mullin.

1

As to Petitioner's statutory claim, *see* Dkt. No. 1 at 5-8, the Court finds that § 1225(b)(2)(A) authorizes Petitioner's detention because Petitioner fits within the scope of an "applicant for admission," which the Fifth Circuit recognizes as sufficient to authorize the application of § 1225(b)(2)(A). *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498 (5th Cir. 2026). *Buenrostro-Mendez*'s ruling on the applicability of § 1225(b)(2)(A) to aliens arrested in the interior forecloses Petitioner's statutory claim that she is improperly detained under § 1225(b)(2)(A).

What *Buenrostro-Mendez* left unresolved as to the constitutional limits of detention under § 1225(b)(2)(A), the Fifth Circuit recently clarified in *Sosnava Rodriguez v. Ortega*, --- F.4th ---, No. 26-50183, 2026 WL 1906557 (5th Cir. July 2, 2026). There, the Fifth Circuit determined that "the Government may detain aliens under Section 1225(b)(2)(A) for ninety days but no longer without a bond hearing." *Id.* at *16.

Here, Petitioner has been detained since October 11, 2025. Dkt. No. 4 at 2. More than 90 days have elapsed since her detention and nothing in the record suggests Respondents have provided Petitioner with a bond hearing during that time. The Court thus finds that Petitioner's continued detention without a bond hearing violates the Fifth Amendment under *Sosnava*.

## III.    CONCLUSION

For these reasons, the Petition (Dkt. No. 1) is **GRANTED in part** as to Petitioner's constitutional claim **and DENIED in part** as to all other relief requested. Respondents' MTD & MSJ (Dkt. No. 4) are **DENIED** and Petitioner's Motion to Expedite (Dkt. No. 6) is **DENIED as moot**.

It is further **ORDERED** that:

Respondents are **ENJOINED** from detaining Petitioner under 8 U.S.C. § 1225(b)(2)(A) without having conducted a bond hearing within 90 days. Accordingly, if Petitioner is being held under 8 U.S.C. § 1225(b)(2)(A) and has not yet been given a bond hearing, Respondents shall release her immediately.

Respondents shall submit a status report confirming compliance with this Order **no later than 5 p.m. CST, July 10, 2026.**

Signed on this 8th day of July 2026.

Rolando Olvera
United States District Judge

3